Before the First Division, May 19, 1941

**No. 45847.**—Petition 5990–R of Neon Type Foundry (Pittsburgh).

Brown, Judge: This is a petition for the remission of additional duties on an importation of a used typesetting machine. Entry was made on March 25, 1938, on the consular invoice dated February 22, 1938, at a valuation of $600, packing included. The packing cost as shown in the list of charges on the consular invoice was $35. As is shown by the red-ink notation, the packing cost of $35 was added to the entered value of $600, thus making the dutiable valuation $635 upon which duties were assessed and it is for the remission of the additional duties imposed on the added packing cost that this petition is now before us.

At the trial at Pittsburgh, Pa., Adam Seitz, called as a witness in behalf of the petitioner, testified that he did business as the Neon Type Foundry Co. but that at the time of this importation, when entry 0175 was made, Mr. Steinhagen was the owner and he (Mr. Seitz) was employed as manager and that as such he "had charge of everything." Witness further testified that his concern had never, previous to this importation, imported anything, and that he did not know whether cases or packing were dutiable items; that he had had nothing to do with the entry here involved but had turned everything over to Mr. Swearer (customs broker) and had turned over to him all the information he had. Later, witness testified he received a commercial invoice which showed difference from the consular invoice as to the packing, the commercial invoice adding the packing as an additional item whereas the consular invoice had not.

Witness further testified that he had not turned over the commercial invoice and the letter dated February 22, 1938, to the customs broker but to Mr. Roy (the customs examiner) when he called at his place of business, and that he gave him all the information he had.

The witness further testified that the commercial invoice was a private invoice. This private invoice and the accompanying letter of February 22, 1938, which were in German, together with English translations of each, were offered in evidence by Government counsel for identification and accepted as collective exhibit 1, subject to a translation by the importer's attorney.

The foregoing private or commercial invoice was dated February 2, 1938, and billed the typesetting machine United States dollars, 600, and the packing 25 dollars, making a total of $625.

The foregoing letter dated February 22, 1938, was addressed to the Neon Type Foundry, Pittsburgh, and especially to Mr. Seitz. It acknowledges the receipt of Mr. Seitz's letter of February 9 enclosing check for $525 and stating that the

machine had been delivered for shipment; that at the American Consulate he had declared the machine as a "Typesetting Machine" at a value of $600, deducting various charges amounting to $64 including packing—$35. The writer states:

I actually spent this money, so that the whole amount which I received for the machine amounts to merely $536.00. Thus I have lowered the expense of the purchase so that the value would not appear so high in the event that you should be stopped to pay duty on the value of the machine. It is self-evident that the foregoing expenses belong to my account. As you can see, my expenses were considerable. First of all, the packing cost me $35.00, because I had to fulfill the specifications: * * * I charged you only $25.00 and I added $10.00 on the transaction in order that you will be satisfied.

The witness Seitz, on being questioned as to the foregoing letter of February 22, testified that he had not instructed or asked the shipper to write a letter of that kind nor had he known what the contents were to be nor anything about it, nor had he had any understanding with the shipper that any of the items on the consular invoice were not correct; that he had arranged for the purchase of the machine and that the billed price was that agreed upon but the question of packing had never been discussed with the shipper; that he did not know that the exporter was going to send him an invoice which would not agree in all particulars with the consular invoice. The witness further testified that he had paid for the machine $100 down and $525 in February 1938, which he thought he sent in a letter dated February 9; that he no longer had a copy of that letter as, according to his recollection, he had turned the letter over to Mr. Roy (the examiner).

On cross-examination by Government counsel (R. p. 9) the witness testified that he did not remember telling Mr. Roy that he could not find the letter of February 9 which enclosed the check for $525.

He further testified that he had written the letter.

W. W. Tustin, called as a witness in behalf of the petitioner, testified that he was a member of the firm of R. L. Swearer & Co., customs brokers, in Pittsburgh for about 25 years and that he had been with the firm since 1922; that he had made the entry 0175 of the Neon Type Foundry on the consular invoice which was all the information he had; that he had gone through the due form of submitting the invoice to the appraiser before making entry; that Mr. Roy was the person with whom he had dealings in the appraiser's office; that he had informed Mr. Roy that he had no other information than the consular invoice; that Mr. Roy had made a note of that fact and that the entry was made with the understanding that he could have the privilege to amend after the price was arrived at but that later when he had asked Mr. Roy why he had not let him amend when Mr. Roy had told him that he had found a different invoice, Mr. Roy had told him that it was because he had already turned it over to the collector.

Walter Roy, called as a witness in behalf of the respondent, testified that he was the appraiser of merchandise at Pittsburgh but that at the time of the importation here involved he was examiner of merchandise and had examined this shipment and that it was a part of his duties to advisorily appraise the merchandise; that in the performance of his duties he had called at the place of business of the Neon Type Foundry after the examination was completed, and had interviewed both Mr. Seitz and another gentleman whose name he did not know and had requested some information to verify his invoice price, and going through the papers had found that letter (of February 22) and requested permission to keep it, which was granted; that that is the letter marked exhibit 1 for identification and of which the photostatic copy is marked collective exhibit 1; that the Bureau of Customs had made the translation which was also part of collective exhibit 1; that there was no copy in Mr. Seitz's file of the letter of February 9 referred to in

the German exporter's letter; and that he had asked for it but that it could not be located.

On cross-examination the witness, Roy, testified that the letter in collective exhibit 1 for identification was in the importer's files along with other papers referring to this shipment; that there was no attempt to conceal the letter and that it had been voluntarily surrendered; that he had requested to see a copy of the letter of February 9, but that though they both went through the files no copy could be located; that he had asked Mr. Seitz what were the contents of the letter, the latter did not remember, nor whether it was a long or short letter.

A summary of what happened in chronological order, as we gather from the record before us, is that at some time prior to February, 1938, Mr. Seitz, as manager of the Neon Type Foundry, entered into negotiations with the foreign exporter for the purchase of a typesetting machine; a price of $600 was agreed upon and $100 paid down; packing was not discussed; under date of February 2, 1938, the machine was billed at the agreed price of $600 plus $25 for packing; on February 9, 1938, a letter was written enclosing the balance of $525 in payment of the machine as per bill of February 2, 1938, which was enclosed in a letter written by the foreign exporter under date of February 22, 1938, acknowledging the receipt of the $525 enclosed in the letter of February 9, 1938, and announcing the delivery for shipment of the typesetting machine and of the declaration at the American consulate, stating that although for the packing he had charged only $25 he had declared this as $35 along with other charges in a total amount of $64 which he deducted from the $600 price of the machine; the resulting consular invoice dated February 22, 1938 (same date as the letter), and certified by the American consulate at Vienna on February 24, 1938, was received in due course by the importers and turned over to the customs brokers who made entry 0175 thereon on March 25, 1938, who also signed together with Neon Type Foundry per Fred. Steinhagen, the then owner, the usual bond for the production of all documents required by law in connection with the entry; subsequent to the examination of the machine Mr. Roy, the examiner, called upon Mr. Seitz at his place of business and asked for additional information concerning the shipment and on going through the files found the letter of February 22, 1938 (collective exhibit 1 for identification), but could not find a copy of the letter of February 9, 1938, referred to in the letter of February 22, and was told by Mr. Seitz that he did not know what its contents were; that against the final appraisement of $635 appeal to reappraisement was taken but abandoned, and against the additional duties the petition now before us was lodged; that in the Spring of 1940 Mr. Seitz turned over to a special agent from Washington the missing letter of February 9, 1938, which was then found in the file folded over.

From the foregoing it is evident that the petitioner concealed from his brokers and from the appraiser the fact that he had already paid on February 9, 1938, the final installment of $525 on a total amount of $625 for the machine here involved, which amount was exactly the same as the amount of a bill dated February 2, 1938, which bill he received inclosed in the letter of February 22, 1938, which letter he states he did not have in his possession at the time of entry, March 25, 1938, on the consular invoice showing a different value from the price he had already paid and which consular invoice was certified 2 days later than the date of the exporter's letter of February 22, 1938, and which in the ordinary course should have been received at about the same time as the consular invoice.

This concealment of an obvious difference in the price paid and the declared value on entry, coupled with the rather curious disappearance of the letter of February 9 and the total loss of memory on the part of Mr. Seitz as to the contents of said letter, does not seem to us to satisfy the demands of the statute.